Dear Ms. Mailhes:
You requested the opinion of this office regarding La. R.S.40:2616 dealing with the Asset Forfeiture Fund. Specifically, you asked the following:
 1. Can the District Attorney donate funds to non-profit organizations such as the Reach Out Center, and private organizations such as the Boy Scouts of America if they serve a "public purpose" without violating either La. R.S. 40:2616 or Article 7 Section 14 of the Louisiana Constitution?
 2. Does an association serve a "public purpose" if its services either prevent, rehabilitate or educate the community on the dangers of drug use/abuse?
It is clear from reading La. R.S. 40:2615(A) that proceeds from forfeited and seized property are state funds. Article 7
Section 14 of the Louisiana Constitution prohibits the funds, credit, property or things of value of the state or of any political subdivision from being "loaned, pledged or donated to or for any person, association or corporation, public or private."
Article 7 Section 14(C) entitled "Cooperative Endeavors" provides:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
"Even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations, or to individuals merely for a `public purpose'." City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., et al., 439 So.2d 399,402 (La. 1983). In addition to the public purpose requirement, there must also be a legal obligation or duty coupled with a public benefit proportionate to the cost of the expenditure. Opinion Atty. Gen. No. 90-651. A public purpose and benefit [is] always presumed where the legal obligation or legal duty to expend the funds is derived from the authorization of the Constitution, of a validly enacted statute, or home rule charter. See Op. Atty. Gen. No. 90-651; No. 90-392; No. 90-161; No. 90-160.
La. R.S. 40:2616(B)(3)(C) states that twenty percent of the proceeds received from seized and forfeited property "shall be paid into the district attorney's twelve percent fund to be used for public purposes including, but not limited to use for prosecution, rewards, support and continuing legal education . . . ." This statute provides the legal obligation or duty of a district attorney's office to expend these funds for "public purposes."
The listed public purposes are illustrative only. The determination of whether a cooperative endeavor is for a "public purpose" is a factual determination to be based upon all the facts and circumstances in each individual case. Op. Atty. Gen. No. 88-389; No. 87-547. You stated in your opinion request that the non-profit organizations provide programs "strictly geared to drug abuse and/or education." These programs provide for the prevention of drug abuse, rehabilitation of drug users, promote awareness and educate the public of the dangers and signs of drug abuse. It is the opinion of this office that organizations offering programs such as the ones listed above officially serve a "public purpose" and fulfill the requirements for a cooperative endeavor agreement.
The last element of the test pertaining to the existence of a public benefit proportionate to the amount of funds expended is also satisfied. The public benefit received would be in the form of a reduction in the number of individuals abusing drugs and resulting in drug-related criminal activity and, ultimately, a better understanding, through education, of how to recognize and respond to drug abuse.
Subject to the objectives of particular non-profit organizations, public funds acquired through the Asset Forfeiture statute may be used through the vehicle of a carefully drafted cooperative endeavor agreement without violating Article 7 Section 14 of the Louisiana Constitution or La. R.S. 40:2616.
Should you need further assistance, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:654l